UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GEORGE VELEZ, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. SA-16-CV-187-XR |
| § | |
| SOCIAL SECURITY ADMINISTRATION § | |
| and FNU MARTIN, case worker, Social § | |
| Security Administration, § | |
| § | |
| *Defendants*. § | |

**ORDER**

On this date the Court considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation in the above-numbered and styled case, filed April 12, 2016, (docket no. 16) and Plaintiff George Velez's objections thereto (docket no. 24). After careful consideration, the Court will ACCEPT Magistrate Judge Bemporad's recommendation, DISMISS the case, and DISMISS as moot all pending motions (docket nos. 9, 12, 14, 21, and 27).

**BACKGROUND**

Plaintiff filed suit in this Court on February 22, 2016, naming the Social Security Administration and a "Mr. Martin," an employee of the Social Security Administration, as Defendants. Docket no. 1. The Complaint lists no causes of action nor does it provide any facts that would allow the Court to construe what causes of action Velez might allege. Rather, the Complaint simply lists various amendments to the United States Constitution and court cases. On March 2, 2016, Magistrate Judge Bemporad issued a Show Cause Order ordering Velez to

1

pay the required $400 filing fee or submit an application for leave to proceed *in forma pauperis* and to file an amended complaint that provided specific facts supporting claims entitling him to relief. Docket no. 2 at 3. Velez was advised that failure to comply with the Show Cause Order would result in dismissal of the case. *Id.*

Velez filed a document on March 24, 2016, that the Court construed as his Response to the Show Cause Order. Docket no. 2. In it, Velez states that he cannot pay the filing fee and requests that the Court send him copies of a form complaint. *Id.* Magistrate Judge Bemporad subsequently issued another Order explaining to Velez that simply stating that he could not pay the filing fee was not adequate—he must fill out the application to proceed *in forma pauperis*. Docket no. 4 at 1. Additionally, Velez was again advised that he must amend his Complaint and a blank form § 1983 complaint was provided to him. *Id.* at 2.

Velez proceeded to file a flurry of documents with the Court, including a document in which he alleges that he needs medical attention (docket no. 5), a document accusing his relatives of fraud and slander (docket no. 6), a recitation of various Bible verses (*id.* at 5), a photocopy of the Gospel of John (*id.* at 6), a document where he alleges that he suffered physical injury while in custody (docket no. 7), requests to "consolidate complaints" (docket nos. 8, 15) an authorization to obtain medical records (docket no. 10 at 3, 4), and two filled-out applications to proceed *in forma pauperis* (docket nos. 12, 14). However, Velez failed to attach a current six-month history of his inmate trust account to the applications, and instead listed various amendments to the Constitution under the instructions on the form to do so. *See id.* Velez also filed a filled-out copy of the form § 1983 complaint. Docket no. 11. However, it states no facts that would state any claim against the Social Security Administration or any of its employees.

2

Rather, it lists Bexar County Sherriff Susan Pamerleau and Rick Thaler as Defendants. Velez, however, provides no facts that allege wrongdoing by Pamerleau or Thaler either.

Magistrate Judge Bemporad issued a Report and Recommendation on April 12, 2016. Docket no. 16. Magistrate Judge Bemporad found that the case should be dismissed because Velez has failed to pay the required filing fee or properly fill out the *in forma pauperis* application, failed to state any bases for his claims, seems to be bringing a frivolous suit, and has failed to comply with the Court's orders. *Id.* at 1. Pursuant to Rule 72(b), Velez was given 14 days to file written objections to the Report and Recommendation. *Id.* at 4.

Since the Report and Recommendation was issued, Velez has filed several documents with the Court, including more requests to "consolidate complaints" (docket nos. 19, 20, and 27), a Motion for New Trial (docket no. 21), a copy of a jail attendance record (docket no. 23), objections to Magistrate Judge Bemporad's Report and Recommendation (docket no. 24), and several advisories (docket nos. 28, 29, 30, 31, and 32). The objections again simply list several amendments to the Constitution and various court cases. *See id.* at 1–4. Velez also filed another Amended Complaint, in which he accuses Frost Bank of fraud and alleges that a relative is using his social security number. Docket no. 25. Nowhere in the document does he state specific objections to the Report and Recommendation, nor does he identify specific provisions in it that he objects to.

## LEGAL STANDARD

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review

the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). On the other hand, any Report or Recommendation that is objected to requires de novo review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). Additionally, "[p]arties filing objections must specifically identify those findings objected to." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982).

## ANALYSIS

The Court finds that Velez's objections are frivolous. He does not attempt to offer specific objections to the Report and Recommendation, but rather, simply lists various legal authorities. As a result, the Court is not required to conduct a de novo review. However, out of an abundance of caution, the Court has reviewed the Report and Recommendation, examined Velez's documents, and conducted a de novo review.

### I. Failure to Pay the Filing Fee

To begin, dismissal of this case is warranted under Rule 41(b) of the Federal Rules of Civil Procedure. A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. Fed. R. Civ. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F .2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)).

Velez was ordered multiple times to either pay the required filing fee with the Court or to fill out an application to proceed *in forma pauperis*. He was warned that failure to comply with this directive would result in dismissal under Rule 41(b). Docket no. 2 at 3. However, Velez failed to properly complete the application to proceed *in forma pauperis* as he was instructed. This failure warrants dismissal for failure to comply with the Court's orders.

## II.     Failure to State a Claim

In addition, Velez has failed to state a plausible claim for relief and this action is frivolous. Congress has directed federal courts to review a complaint in a civil action in which a prisoner seeks relief from a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). In the course of this review, the federal courts must dismiss any claim which is either 1) frivolous, malicious, or fails to state a claim upon which relief may be granted or 2) seeks monetary relief from a defendant who is immune from such relief. *Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012); *see also* 28 U.S.C. § 1915A(b).

In the course of conducting the review mandated by § 1915A(b), federal courts accept the facts alleged in the complaint as true and construe them in the light most favorable to the prisoner. *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014); *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). The dismissal of a claim pursuant to § 1915A(b) for failure to state a claim upon which relief may be granted is appropriate when the plaintiff fails to plead facts which allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). This is the same standard applied to dismissals under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief that is plausible on its face. *Id.* Likewise, when reviewing a complaint for possible dismissal as frivolous under § 1915A(b)(1), a federal court applies the same legal standard as that used to

dismiss claims as frivolous under § 1915(e)(2)(B)(i).  *See Morris*, 702 F.3d at 189 (holding dismissal of a claim as frivolous under § 1915A(b)(1) is appropriate if it does not have an arguable basis in law or fact).  Per § 1915A(b)(1), this Court must *sua sponte* review Velez's claims under both the frivolous standard of Section 1915(e)(2)(B)(i) and the failure to state a claim standard of Rule 12(b)(6).

    A.  Rule 12(b)(6) Analysis

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief must contain 1) "a short and plain statement of the grounds for the court's jurisdiction"; 2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and 3) "a demand for the relief sought." Fed. R. Civ. P. 8(a).  In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff.  *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015).  To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.  A well-pleaded complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable."  *Id.* at 556.

Here, Velez has attempted to bring a case against the Social Security Administration and an employee named Mr. Martin.  However, his Complaint and the subsequent form complaints

6

he submitted allege no facts that indicate any wrongdoing on behalf of the agency or any of its employees. As such, he has failed to state a claim upon which relief can be granted.

      B.  Section 1915(e)(2)(B) Analysis

Dismissal of a claim as frivolous under § 1915(e) is permissible where the claim lacks an arguable basis either in law or in fact. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Rogers*, 709 F.3d at 407; *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Rogers*, 709 F.3d at 407; *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (holding dismissal as frivolous appropriate after the plaintiff is given an opportunity to amend or allege additional facts through answers to a post-complaint questionnaire), *cert. denied*, 560 U.S. 944 (2010). A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them. *Gartrell v. Gaylor*, 981 F.2d 254, 259 (5th Cir. 1993).

Velez was given the opportunity to present additional facts and amend his Complaint multiple times by Magistrate Judge Bemporad. *See* docket nos. 2, 4. But despite this opportunity, he has failed to present any rational basis for relief against the Social Security Administration or any of its employees. His claims are dismissed as frivolous.

## CONCLUSION

The Court ACCEPTS the Magistrate Judge's recommendations and orders that this case is DISMISSED for failure to state a claim, frivolity, and failure to pay the required filing fee. As a result, all other pending motions (docket nos. 9, 12, 14, 21, and 27) are DISMISSED AS MOOT.

It is so ORDERED.

SIGNED this 11th day of May, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE